*Marcus A. Murphy v. Wayne W. Williams*

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 SEP 21 PM 4:41

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **Marcus A. Murphy,** | § |
| *Pro Se Plaintiff* | § |
| | § |
| **v.** | § **Civil Action No.: 1: 18-CV-01919-MSK-KMT** |
| | § |
| **Wayne W. Williams,** | § |
| **in his official capacity as Colorado** | § |
| **Secretary of State,** | § |
| *Defendant* | § |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**I. (¶ 1.)** If it pleases the court, *Pro Se* Plaintiff, Marcus A. Murphy, offers this Opposition to

Defendant's Motion to Dismiss, under the criteria set forth in Federal Rule of Civil Procedure

(FRCP) 12(b)(6).

**A. (¶ 2.) the Qualifications Clause, Art. I § 2 cl. 2 (Count I)**-Per Federal Rule of Civil

Procedure (FRCP) 12(b)(6), it is respectfully submitted that the Complaint does "state a

claim upon which relief can be granted ..." It is respectfully submitted that the Plaintiff's

Plausible claim is that: his constitutional rights to qualify for Congressional

*Marcus A. Murphy v. Wayne W. Williams*

Representative of Colorado's Fifth District have been violated by continued-enforcement of Colorado's Sore-Loser Law, in an Open-Primary, upon a Write-In Candidate. Defendant skips straight to the issue of remedy in a not-so-sleight of hand, by switching subjects to the issue of "measure of support before their names appear on the ballot .... " in *Storer v. Brown*, 415 U.S. 724, 746 n.16 (1974). But Plaintiff first seeks a ruling on the constitutionality of the Sore-Loser Law's incorrect-application to a Write-In Congressional-Candidate in an Open-Primary, with presumably unaffiliated-electors, who retain their right to vote for Plaintiff in the subsequent general-election. Only then does Plaintiff seek a Declaration that he is still an Eligible candidate. The remedy could be as simple as a courthouse-steps statement and a public-announcement to the Press. Plaintiff's issue is in no way the measure of support necessary for ballot access, but rather is the unwelcome (as a major-party named-candidate on the primary-ballot) write-in candidate's right to continue from an open-primary to the general-election, regardless of any measure of support. The Substantive Qualifications, warned about in *Storer v. Brown*, are apparent here in the instant case at bar: the requirement above & beyond Art. I § cl. 2 that Plaintiff not have been a write-in, un-named, unwelcome major-party candidate in an open-primary (in order to utilize the write-in line *on* the general-ballot to be an un-named write-in candidate); and that he not have been affiliated with said major-party on January 1 of the election-year (in order to utilize the nominating petition *for* the general-ballot to be a named-candidate).

*Marcus A. Murphy v. Wayne W. Williams*

**B. (¶ 3.) Freedom of Association (Count II)**-According to this very court's finding in *Riddle v. Daley*, 2010 WL 2593927 *9 (D. Colo. 6-23-10), "... Thus there is an inherent tension between having *enough* independent participation in the democratic process and having *too* much. As the Supreme Court in *Storer* notes, state legislatures are given great deference in drawing the lines that both accommodate and restrict electoral participation by independent candidates. The Court's role is only to determine whether the line drawn by the Colorado Assembly unreasonably and unnecessarily burdens the rights of persons like the Plaintiffs." Plaintiff respectfully submits that: by enforcing the Sore-Loser Law in an Open Primary upon a mere Write-In Candidate, the State legislature severely burdens Plaintiff, as a Write-In Congressional-Candidate with Unaffiliated-Electors from an Open Primary, by dis-qualifying Plaintiff from continuing to campaign as Eligible, with no compelling State interest to justify such disparate treatment & lack of due process. It is respectfully submitted that C.R.S. §1-4-105 is a severe Substantive Qualification that does not further State interests. Most importantly, Colorado's Open Primary Law, CRS § 1-7-201 (2.3), which entitles "eligible unaffiliated elector[s] ... to vote in the primary election of a major political party without affiliating with that political party", directly conflicts with the notion that Plaintiff's 38 primary-electors somehow lose their right to vote for Plaintiff in the general-election. Furthermore, the challenged State statute is not "narrowly tailored to serve a compelling state interest." (quoting *Clingman v. Beaver*, 544 U.S. 581, 586 (2005)). Most of defendant's citations are factually-inapplicable and come from fact-finding district courts & other circuit-appellate courts, as persuasive, not mandatory authority (*i.e.*, Colorado federal District

*Marcus A. Murphy v. Wayne W. Williams*

Court, 10th Cir., & SCOTUS). C.R.S. § 1-4-105 imposes a severe burden on congressional-candidates, because they are prevented from utilizing the general-election nominating-petition, if they were associated as mere voters with a major-party as of the first of the year. *A fortiori*, Plaintiff never signed a pledge to support the major-party nominee, and was, in fact, *persona non grata*, as an un-welcome candidate at major-party functions (*e.g.*, the Caucus Day & State convention Day). Plaintiff's intent was to attract un-affiliated voters to carry into the general-election. Defendant next exhales a grocery list of vague, catch-all phrases to substantiate Colorado's important regulatory interest, which Plaintiff respectfully submits, do not factually apply to the instant case at bar. Defendant further seeks to confuse the court with the difference between qualified and dis-qualified, because Colorado seeks to dis-qualify Plaintiff from continuing precisely due to his presumably unaffiliated-electors. Finally, Defendant once again utters the pretext of Voter Confusion, which is actually a harm that can only be addressed by this court finding, or ordering the Secretary to declare, that Plaintiff is still an Eligible candidate, before ballots are distributed on Sept. 22 & mailed on Oct. 15. The only Voter Confusion at this point in the race, is whether Plaintiff is still an eligible congressional candidate.


**C. (¶ 4.) Due Process (Counts III & IV)**-Plaintiff respectfully submits that Plaintiff's constitutionally-protected liberty-interest is the right to qualify for the Office of Congressman in the U.S. House of Representatives according to Article I § 2 cl. 2. Furthermore, Plaintiff respectfully submits that the concept of a State-agency not

*Marcus A. Murphy v. Wayne W. Williams*

performing due process and simultaneously reaching a final-decision are not mutually-exclusive, given the inherent contradictions between Colorado's Sore-Loser Law and its novel Open-Primary Law. The lack of due process is in the process not the result, because Plaintiff was not provided with any objective process for disqualification and no opportunity for administrative review. Plaintiff has previously elaborated on the jurisdiction of this court to review final State agency decisions (see the relevant California Law Review article from 1999, entitled, *Judicial Federalism and the Administrative States*, specifically Section IV, "Federal-Law Challenges to State Agency Action in the federal Courts by Ms. Woolhandler and Mr. Collins). Plaintiff has not received any documentation, other than the Joel Albion e-mail, commemorating his candidacy or acknowledging his 38 presumably-unaffiliated electors from the primary-election. Plaintiff respectfully submits that: actually, he already *qualified* as a congressional candidate, as a resident of the Fifth District and being at least 25 years-old, when the Secretary accepted his primary-election write-in affidavit, but now seeks to *dis-qualify* him by rejecting his general-election write-in affidavit.

**D. (¶ 5.) Equal Protection (Count IV)**-Plaintiff respectfully submits that he is the only person in the entire Fifth District who cannot run in the general-election, solely because he was a mere write-in congressional-candidate in an open-primary election, even though he now has 38 presumably-unaffiliated electors heading into the general-election. This disparate treatment of Plaintiff by Defendant does not constitute Equal Protection. According to this very court's finding in *Riddle v. Daley*, 2010 WL 2593927 *4 (D. Colo.

*Marcus A. Murphy v. Wayne W. Williams*

6-23-10), "The Plaintiffs have the burden of establishing a violation of their right to Equal Protection. To establish a claim for violation of the Equal Protection clause, the Plaintiffs must show: (i) that a similarly-situated person or group; (ii) received more favorable treatment from the government; and (iii) there was no sufficient reason for the government's differing treatment of the two groups. (quoting *Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1047 (10th Cir.2009)) A person or group is 'similarly situated' to another person or group when the two are alike in "all relevant respects." *See Coalition for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir.2008). If the Plaintiffs demonstrate that they were subjected to worse treatment than a similarly-situated group, the Court determines whether the differential treatment implicates a protected classification or fundamental right. If the differential treatment does not implicate a suspect classification or fundamental right, the Plaintiffs must show that it is not justified by any rational connection to a legitimate state interest. If a protected classification or fundamental right is impacted, the Defendants must demonstrate that the statute is justified by a compelling governmental interest and that it is the least restrictive means of achieving that interest.... *See Coalition for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir.2008). However, closer examination of the purpose served by distinguishing the two groups and the method by which each is chosen reveals fundamental differences [(*i.e.*, narrowing v. broadening)]. *Riddle v. Daley*, 2010 WL 2593927 *5 (D. Colo. 6-23-10) [Plaintiff respectfully submits that: as a Write-In Congressional Candidate in an Open Primary, his intent was & is to simultaneously broaden both the field of prospective candidates and the number of potential candidates, in order] "... to foster greater public debate and to

*Marcus A. Murphy v. Wayne W. Williams*

accommodate aspiring candidates whose policy positions do not necessarily conform to that of an existing political party. (Indeed, the process by which unaffiliated candidates petition onto the general election ballot even accommodates those candidates whose policy positions *do* conform with those of a political party but where, for whatever reason, the candidate does not desire to affiliate with that party.) ... Nevertheless, the process allowing for unaffiliated candidacies reflects a conclusion by the legislature that the benefits of promoting independent candidacies sufficiently outweighs the potential harmful effects.... 'only the Colorado Democratic Party has the right to determine who may be a candidate for public office under the banner of the Colorado Democratic Party.' (quoting [the *Seawell* case] *Colorado Democratic Party v. Meyer*, Civil Action No. 88CV7646) *Riddle v. Daley*, 2010 WL 2593927 *6 (D. Colo. 6-23-10) ... In *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 215, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986), the Court ruled that 'the First Amendment's protection of associational rights required the state to defer to the party's desire to allow unaffiliated voters to participate in the primaries.' *Riddle v. Daley*, 2010 WL 2593927 *8 (D. Colo. 6-23-10)" Plaintiff respectfully submits that: in *Tashjian*, the Supreme Court recognized a distinct class-the unaffiliated voters, and presumably their write-in candidates in an open primary. With respect to *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), Plaintiff respectfully submits that a Declaration that he is still an Eligible Write-In Congressional-Candidate for the General-Election, on or before Oct. 15 (10-15-18), would in no way over-crowd the ballot, since the Write-In line will already be printed there for the other two write-in candidates. Furthermore, Plaintiff respectfully submits that his is not a

*Marcus A. Murphy v. Wayne W. Williams*

frivolous candidacy, since he received 38 votes in the Primary-election as a mere write-in candidate, without ever having the opportunity for his name to appear on either the primary or general-election ballot. Finally, Plaintiff respectfully submits that: as a Write-In Congressional-Candidate in an Open-Primary, he was treated worse than the similarly-situated groups-In specific, the write-in candidates: Lori Furstenberg & John Croom; and, in general, the party-nominees: Stephany Rose Spaulding, Doug Lamborn, & Douglas Randall. Therefore, Plaintiff respectfully submits that: the Write-In Candidacy has always been the traditional pressure-valve for the will of the Unaffiliated-Voters in an Open-Election, both in the primary and the general.

**E. (¶ 6.) 28 U.S.C. §§ 1331, 1343(a), & 1355(a) (Counts V, VI, & VII)**-Plaintiff respectfully submits that he in no way wishes to disparage the Honorable Secretary with vague accusations of conspiring, but merely desires to assert that Plaintiff is the victim of statutory violation of his constitutional rights, per 42 U.S.C. § 1983, which includes rights not to be a victim under applicable federal statutory-law, due to the Secretary's unconstitutional enforcement of State law, in an incorrect manner, by & through his staff. The private right of action exists in 42 U.S.C. § 1983, and is proven by referencing applicable federal statutory-law & constitutional-rights, as well as un-disputed facts.

**F. (¶ 7.) 42 U.S.C. § 1985(1) & (3) (Count VI)**-Plaintiff respectfully submits that he in no way wishes to disparage the Honorable Secretary with vague accusations of conspiring, but merely desires to assert that Plaintiff is the victim of statutory violation of

*Marcus A. Murphy v. Wayne W. Williams*

his constitutional rights, per 42 U.S.C. § 1985, which includes rights not to be a victim under applicable federal statutory-law, due to the Secretary's unconstitutional enforcement of State law by & through his staff. The private right of action exists in 42 U.S.C. § 1985, and is proven by referencing applicable federal statutory-law & constitutional-rights, and un-disputed facts. Plaintiff respectfully submits that he is a member of the class of write-in congressional candidates in an open-primary, similarly-situated throughout the nation. With respect to the actions of two or more persons: obviously, there exists a meeting of the minds between the Secretary and his staff, specifically his Elections Division Manager, Joel Albion. The only force that is being employed against Plaintiff by Defendant is unfortunately the greatest force of all: the force of State law being unconstitutionally enforced in an incorrect manner.

**G. (¶ 8.) 42 USC § 1983 (Count VIII)**-Plaintiff respectfully submits that his federally-protected rights, under the Qualifications Clause & the First Amend., as required by Due Process & Equal Protection., are codified with statutory-enforcement language, by and through 28 U.S.C. §§ 1331, 1343(a), & 1355(a); 42 USC § 1983; and 42 U.S.C. § 1985(1) & (3).

**H. (¶ 9.) Arbitrary & Capricious State-Agency Final-Decisions**-Plaintiff respectfully submits that he in no way wishes to disparage the Honorable Secretary with vague accusations of arbitrary & capricious decisions, but merely desires to assert that Plaintiff is the victim of statutory-violation of his constitutional-rights, per 42 U.S.C. § 1983,

*Marcus A. Murphy v. Wayne W. Williams*

which includes rights not to be a victim under applicable federal statutory-law, due to the Secretary's unconstitutional enforcement of State law, in an incorrect manner, by & through his staff. The private right of action exists in 42 U.S.C. § 1983, and is proven by referencing applicable federal statutory-law & constitutional-rights, as well as un-disputed facts. Plaintiff has previously elaborated on the jurisdiction of this court to review final State agency decisions (see the relevant California Law Review article from 1999, entitled, *Judicial Federalism and the Administrative States*, specifically Section IV, "Federal-Law Challenges to State Agency Action in the federal Courts by Ms. Woolhandler and Mr. Collins). Plaintiff merely offers Arbitrary & Capricious as the standard of federal judicial review of a final State agency decision. Plaintiff respectfully submits that Defendant effectively waived the C.R.S. § 1-1-113 hearing by responding via e-mail that the Secretary's decision was final, which also echoes Plaintiff's contention of a noticeable lack of due process for the Legislative Branch congressional-candidates. Furthermore, Defendant seems to create a feed-back loop of circular-logic here at the end, by implying that Plaintiff should repeat the entire Complaint, in order to justify a federal court review of federal constitutional rights violations by a State agency final decision. In *Ex Parte Young*, 209 U.S. 123 (1908), the Court ruled that if government officials attempt to enforce an unconstitutional law, then sovereign immunity does not prevent people whom the law harms from suing those officials in their individual capacity for injunctive relief, because those government officials are not acting on behalf of the State in this situation. Plaintiff respectfully submits that although the State district court has exclusive jurisdiction when any controversy arises under the State election

*Marcus A. Murphy v. Wayne W. Williams*

code, the federal district court has original jurisdiction for claims involving violations of constitutional rights and applicable federal statutory & case-law. 18 USC § 1331-federal Question provides that: "the district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

**I. (¶ 10.) Rule 12(b)(6) (FRCP)**-Plaintiff offers the following in-depth analysis of Rule 12(b)(6): When a claim is challenged under this Rule, the court construes the pleading liberally in the pleader's favor. (*See Kaltenbach v. Richards*, 464 F.3d 524, 526-27 (5th Cir. 2006). The court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. (*See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (U.S. 2007); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (U.S. 2007); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 170-71, 125 S. Ct. 1497, 1502-03, 161 L. Ed. 2d 361 (2005); *Albright v. Oliver*, 510 U.S. 266, 267, 114 S. Ct. 807, 810, 127 L. Ed. 2d 114 (1994); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). No claim will be dismissed merely because the trial judge disbelieves the allegations or feels that recovery is remote or unlikely. (*See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (U.S. 2007); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). The Burden of Proof lies with the moving party. (*See Ragin v. New York Times Co.*, 923

*Marcus A. Murphy v. Wayne W. Williams*

F.2d 995, 999 (2d Cir. 1991), cert. denied, 502 U.S. 821, 112 S. Ct. 81, 116 L. Ed. 2d 54 (1991); *Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990); *Anyanwu v. Columbia Broadcasting System, Inc.*, 887 F. Supp. 690, 692 (S.D. N.Y. 1995) (observing that Rule 12(b)(6) imposes substantial proof burdens upon the movant). *See Breuer v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1125 (10th Cir. 1994) (noting that Rules "erect a powerful presumption against rejecting pleadings for failure to state a claim-")(citation omitted). In fact, even a failure by the non-moving party to oppose the motion will not necessarily justify an automatic dismissal (unless by local rule or court order a response is required on pain of dismissal). *See Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 145 (1st Cir. 2004). The trial court must still determine whether a dismissal is appropriate. In conclusion, Plaintiff respectfully submits that he has constitutional & federal-law rights to entitlement to relief, because his claims are beyond the level of speculation, from conceivable to plausible, per the basic "notice" pleading standard.

**J. (¶ 11.) Memorandum of Law-**In *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), the Court ruled that: "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim..." Also, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court ruled that *Pro Se* pleadings are to be liberally construed. (*See also Estelle v. Gamble*, 429 U.S. 97 (1976)). Furthermore, in his legal Comment: "Illiberal Construction of Pro Se Pleadings", Rory K. Schneider offers an in-depth analysis. Although the Court ruled in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), that "federal courts did not have the judicial power to create general federal common law when hearing state law claims under

*Marcus A. Murphy v. Wayne W. Williams*

diversity jurisdiction", this instant case at bar arises under the U.S. Constitution and applicable federal statutes, not diversity jurisdiction. Plaintiff's cited federal-statutes grant original jurisdiction to this court. Finally, in *Hanna v. Plumer*, 380 U.S. 460 (1965), the Court further refined the *Erie* doctrine regarding when and by what means federal courts are obliged to apply State-law in cases brought under diversity jurisdiction. The Court ruled that under the facts of that case, federal courts shall apply the federal rule. The instant case at hand is not brought under diversity jurisdiction, and is certainly not brought for the purpose of forum-shopping.

**K. (¶ 12.) Case is on Appeal**-Plaintiff wishes to draw the court's attention to the reminder that this case is currently on Interlocutory Appeal from the Aug. 22 (8-22-18) Scheduling-Conference Order and the subsequent Aug. 29 (8-29-18) Order to Extend Time & Denial of Motion to Expedite Discovery (see *Murphy v. Williams*, Case No. 18-1363 (10th Cir. 9-7-18). Plaintiff also wishes to draw the court's attention to the reminder that the 10th Cir. Panel is expected to rule on or after Sept. 21 (9-21-18) on the case's constitutionality-challenges & request for emergency Declaratory & Injunctive Relief, subject to a possible appeal to the Supreme Court, immediately afterwards. It is respectfully submitted that a Dismissal is being sought in bad faith and would, in fact, prejudice the Plaintiff. Plaintiff has patiently waited for Defendant's Answer, well beyond the original due date, in order to conduct Discovery & a Final Hearing, and now receives the expected frivolous Rule 12(b)(6) motions to further delay well beyond the

*Marcus A. Murphy v. Wayne W. Williams*

point of mootness. Plaintiff prays that this court not grant the Defendant's Motion to Dismiss.

**L. (¶ 13.) the Collateral Order Doctrine-**Plaintiff respectfully submits that a plaintiff who is otherwise entitled to file an amended complaint following a Rule 12(b)(6) dismissal may choose instead to stand on the original complaint and appeal the dismissal. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate"). *See also WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (holding that plaintiff must obtain final judgment from district court before "standing" on original complaint and taking immediate appeal). Whether Rule 12(b)(6) rulings are immediately appealable presents complex issues that require careful study by practitioners. The general rule holds that a district court decision that grants a Rule 12(b)(6) motion is a "final order " within the meaning of 28 U.S.C. § 1291, from which an immediate appeal must be taken, (*See ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir.1994). *But see Eberhardt v. O'Malley*, 17 F.3d 1023, 1024 (7th Cir. 1994) (order dismissing complaint "is not in itself a final, appealable judgment, since the plaintiff may be entitled to replead or be given leave to replead").) but a ruling that denies a Rule 12(b)(6) motion is interlocutory, and ordinarily is not immediately appealable. (*See Ridpath v. Board of Governors Marshall University*, 447 F.3d 292, 304 (4th Cir. 2006); *Hill v. City of New York*, 45 F.3d 653, 659 (2d Cir. 1995); *Foster Wheeler Energy Corp.*

*Marcus A. Murphy v. Wayne W. Williams*

*v. Metropolitan Knox Solid Waste Authority, Inc.*, 970 F.2d 199, 202 (6th Cir. 1992). *See also Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996), cert. denied, 519 U.S. 817, 117 S. Ct. 68, 136 L. Ed. 2d 29 (1996) (holding that Rule 12(b)(6) motions to dismiss become moot after plaintiff prevails following a full trial on the merits; thereafter, any pleading defect may be cured by amendment).) Exceptions, however, are numerous. For example, denials of motions to dismiss that assert certain types of immunity issues have been deemed immediately appealable under the collateral order doctrine. *See, e.g., Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (holding that denial of Eleventh Amendment immunity was immediately appealable collateral order); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) (holding that ruling denying qualified immunity was an immediately appealable collateral order); *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) (denial of anti-SLAPP motion immediately appealable under collateral order doctrine); *Goldstein v. City of Long Beach*, 481 F.3d 1170, 1172 (9th Cir. 2007), cert. granted, 128 S. Ct. 1872, 170 L. Ed. 2d 743 (U.S. 2008) (denial of absolute immunity motion immediately appealable). The question of appealability from Rule 12(b)(6) rulings, therefore, must be carefully researched within the context of the specific issues presented in the motion. Therefore, Plaintiff respectfully submits that although he is otherwise entitled to file an amended complaint following a Rule 12(b)(6) dismissal, Plaintiff chooses instead to stand on the original complaint and appeal the dismissal, if one is granted to Defendant.

*Marcus A. Murphy v. Wayne W. Williams*

**II. (¶ 14.) Conclusion**-Finally, Defendant once again utters the pretext of Voter Confusion, which is actually a harm that can only be addressed by this court finding, or ordering the Secretary to declare, that Plaintiff is still an Eligible candidate, preferably before ballots are distributed on Sept. 22 (9-22-18), and at least before they are mailed on Oct. 15 (10-15-18). Plaintiff respectfully submits that the only Voter Confusion at this late-point in the election-race, is whether Plaintiff is still an Eligible congressional-candidate.

Respectfully submitted, this the 21st day of September, 2018.

Marcus A. Murphy

*Pro Se Plaintiff*

5795 Southmoor Dr Lot 53

Fountain, CO  80817

(720) 256-0991

MarcusMurphy1975@hotmail.com

*Marcus A. Murphy v. Wayne W. Williams*

## CERTIFICATE OF SERVICE

I, Marcus A. Murphy, *Pro Se* Plaintiff, do hereby certify that I have filed in the office of the Clerk for the United States District Court of Colorado and have served upon the Defendant's Counsel of Record, Emily Buckley, a complete and accurate copy of this **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**, either by hand-delivering, or placing a copy in the United States Mail, sufficient postage affixed, dispatched to their business addresses, via First Class.

Respectfully submitted, this the 21st day of September, 2018.

Marcus A. Murphy

*Pro Se Plaintiff*

5795 Southmoor Dr Lot 53

Fountain, CO  80817

(720) 256-0991

MarcusMurphy1975@hotmail.com

*Marcus A. Murphy v. Wayne W. Williams*

Jeffrey P. Colwell, U.S. Dist. Ct. of CO-Court Clerk (Civil)

901 19th St, Rm A-105

Denver, CO  80294-3589

 (303) 844-3433

cod.uscourts.gov


Emily B. Buckley, CO Asst. Attorney General

CO Dept. of Law

1300 Broadway, 6th Fl

Denver, CO  80203

(720) 508-6403

emily.buckley@coag.gov