IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01919-MSK-KMT

MARCUS A. MURPHY

    Plaintiff,

v.

WAYNE W. WILLIAMS, in his official capacity as Colorado Secretary of State,

    Defendant.

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Wayne W. Williams, in his official capacity as Colorado Secretary of State, ("Secretary") hereby files this reply in support of the motion to dismiss the complaint ("Complaint") pursuant to F.R.C.P. 12(b)(6).

## INTRODUCTION

Colorado's so-called "sore loser" law, C.R.S. § 1-4-105, is a reasonable, nondiscriminatory ballot access requirement that furthers the State's important interest in regulating elections. As set forth in the Secretary's Motion to Dismiss, the Complaint's allegations that C.R.S. § 1-4-105 is unconstitutional and that the Secretary violated various federal laws fail should be dismissed under Civil Rule of Procedure 12(b)(6). Mr. Murphy's Opposition to the Motion to Dismiss ("Opposition") primarily repeats the same insufficient legal conclusions and threadbare recitals of causes of action as the Complaint, which do not suffice to state a claim for relief that

is plausible on its face. For the reasons set forth in the Motion to Dismiss and herein, the Complaint should be dismissed pursuant to F.R.C.P. 12(b)(6).

## ARGUMENT

### I. The Complaint fails to state a claim under F.R.C.P. 12(b)(6).

#### A. C.R.S. § 1-4-105 does not violate the Qualifications Clause, Article I, § 2 cl. 2 (Count I).

As explained in the Motion to Dismiss, to state a claim for violation of Article I, § 2, cl. 2 of the U.S. Constitution ("Qualifications Clause"), the Complaint must allege, plausibly, that C.R.S. § 1-4-105 represents a substantive qualification for office. MTD at 4–6. The Complaint has not done so. *Id*. The Opposition does not clarify how C.R.S. § 1-4-105 represents a substantive qualification for office, such that it would conflict with the Qualifications Clause. *See generally* Opp. at 1–2. Instead, the Opposition makes the unsubstantiated assertion that the "Substantive Qualifications, warned about in *Storer v. Brown*, are apparent here" because the application of C.R.S. § 1-4-105 resulted in Mr. Murphy's ineligibility for candidacy in the 2018 general election. Opp. at 2.

As set forth in the Motion to Dismiss, procedural ballot access restrictions that do not impose substantive qualifications do not violate the Qualifications Clause. *See* MTD at 5–6; *Cartwright v. Barnes,* 304 F.3d 1138 at 1143–44 (11th Cir. 2002) (citing *Storer v. Brown,* 415 U.S. 724 at 733, 734–35, 746 (1974); *U.S. Term Limits, Inc. v. Thornton,* 514 U.S 779 at 835 (1995)). Without exception, courts considering Qualifications Clause challenges to similar state sore loser laws have held that these

statutes are procedural ballot access restrictions, and thus constitutional. *See, e.g.*, *De La Fuente v. Cortes*, 261 F. Supp. 3d 543, 554 (M.D. Pa. 2017); *De La Fuente v. Merrill*, 214 F. Supp. 3d 1241, 1253–55 (M.D. Ala. 2016); *Nat'l Comm. of U.S. Taxpayers Party v. Garza*, 924 F. Supp. 71, 75 (W.D. Tex. 1996). Likewise, the Colorado sore loser law, C.R.S. § 1-4-105, is a procedural—and constitutional—election regulation, not a substantive qualification for office. *See Cartwright*, 304 F.3d at 1114. The Complaint fails to allege that C.R.S. § 1-4-105 imposes an unconstitutional qualification for office, and Count I must be dismissed.

### B. The Complaint fails to allege a First Amendment violation (Count II).

The Complaint does not plausibly allege a violation of the First Amendment because the burden imposed by C.R.S. § 1-4-105 is not severe and the law furthers important, judicially-recognized state interests. MTD at 7–10. The Opposition argues in a conclusory fashion that the burden placed on Mr. Murphy is "severe." Opp. at 3. But the Opposition cites no supporting legal authority, whereas, as the Motion to Dismiss argues, courts repeatedly have held that similar sore loser statutes do not impose severe burdens. *See Kennedy v. Pablos*, No. 1:16-CV-1047-RP, 2017 WL 2223056, at *5 (W.D. Tex. May 18, 2017) (Texas sore loser law does not impose a severe burden on First and Fourteenth rights of candidates); *Merrill*, 214 F. Supp. 3d 1256 (finding same for Alabama sore loser law); *Libertarian Party of Michigan v. Johnson*, 905 F. Supp. 2d 751, 760 (E.D. Mich. 2012) (finding same for Michigan sore

3

loser law), *aff'd*, 714 F.3d 929 (6th Cir. 2013); *Garza*, 924 F. Supp. at 74 (finding same for Texas sore loser law).

Next, the Opposition asserts that Colorado's open primary law, codified at C.R.S. § 1-7-201(2.3), entitling "eligible unaffiliated elector[s] … to vote in the primary election of a major political party without affiliating with that political party" means that unaffiliated voters retained a right to vote for Mr. Murphy in the general election. Even if the Complaint is construed quite liberally, there is no support for this argument in statute or case law, and it cannot salvage Mr. Murphy's deficient First Amendment claim.

The Opposition generally describes the authority cited by the Motion to Dismiss as "factually-inapplicable" and non-binding, but does not present any specific argument as to why these cases are distinguishable. Opp. at 3–4. To the contrary, the fact that courts have upheld the constitutionality of nearly identical laws in the face of nearly identical challenges is compelling and persuasive. *See Kennedy*, 2017 WL 2223056, at *5; *Garza*, 924 F. Supp. at 74–75; *Johnson*, 905 F. Supp. 2d at 766; *Miller v. Armstrong*, 84 Colo. 416, at 475 (1928).

Finally, the Opposition disparages the important state interests set forth in the Motion to Dismiss,[1] which have been judicially recognized by the U.S. Supreme

---

[1] As set forth in the Motion to Dismiss, Colorado's interests include promoting fair and honest elections, ensuring an orderly electoral process, protecting the integrity of the electoral system, reserving the general election for major struggles not intraparty feuds, avoiding voter confusion, and limiting eligible candidates for office

4

Court and Tenth Circuit as "vague and catch-all phrases" which "do not factually apply to the instant case at bar." Opp. at 4. Again, the Opposition does not explain why these state interests would be inapplicable. To the contrary, the Supreme Court and the Tenth Circuit have recognized the same, important state interests identified by the Motion to Dismiss in the context of evaluating constitutional challenges to various state election laws. *See* MTD at 9–10 (citing *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 191 (2008) (considering challenge to voter photo I.D. law and describing the state interest in "protecting the integrity and reliability of the electoral process"); *Storer*, 415 U.S. at 735–36 (considering challenge to candidate disaffiliation law and finding it an "acceptable goal[ ]" to reserve the general election ballot for "major struggles" rather than "continuing intraparty feuds"); *Clingman v. Beaver*, 544 U.S. 581 at 593–94, (2005) (considering challenge to closed primary system and identifying state interests generally as "preserv[ing] political parties" and "enhance[ing] parties' electioneering and party-building efforts"); *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 364 (1997) (considering challenge to law prohibiting candidates from appearing on ballot as candidate of more than one political party and holding "States certainly have an interest in protecting the integrity, fairness, and efficiency of their ballots and election processes."); *Utah Republican Party v. Cox*, 892 F.3d at 1089–90 (10th Cir. 2018) (considering challenges

---

to those who have won the primaries and others who have properly qualified. MTD at 9.

to statute governing section of candidates in primary elections significant state interests include "regulating the manner in which a candidate may qualify for an election ballot[,]" "avoiding confusion, deception, and even frustration of the democratic process at the general election[,]" "protecting the integrity of their political processes from frivolous or fraudulent candidacies, in ensuring that their election processes are efficient, in avoiding voter confusion caused by an overcrowded ballot.") (citations omitted)). The judicially-recognized state interests set forth in the Motion to Dismiss are sufficient to uphold the requirements imposed by C.R.S. § 1-4-105. The Complaint fails to state a claim that C.R.S. § 1-4-105 violates the First Amendment.

### C. The Complaint fails to state a claim for violation of due process under the Fifth or Fourteenth Amendments (Counts III and IV (in part)).

Mr. Murphy fails to allege the two elements required to state a claim for violation of procedural due process: (1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process. *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014). As set forth in the Motion to Dismiss, Mr. Murphy does not have a constitutionally protected property right in running as a candidate for federal office. MTD at 11–12 (citing *Snowden v. Hughes,* 321 U.S. 1, 7 (1944), and other supporting authority). Without citation to case law or factual allegations, the Opposition offers the conclusory statement that Mr. Murphy does have a property right in qualifying for office. Opp. at 4. This threadbare denial does not suffice.

Second, even assuming *arguendo* that Mr. Murphy alleged a constitutionally protected right, the Complaint fails to plausibly allege a governmental failure to provide an appropriate level of process, as argued by the Motion to Dismiss. MTD at 11–12. According to the Complaint, Mr. Murphy received a "final," written decision from the Secretary's Elections Manager stating that Mr. Murphy was not eligible for election in the 2018 general election. Compl. ¶ 2. Mr. Murphy could have—but did not—file a verified petition in state court within five days of the Secretary's decision under C.R.S. § 1-1-113. Because he chose not to avail himself of that procedure, he cannot now claim that the state failed to provide an appropriate level of process. *See Murawski v. Pataki*, 514 F. Supp. 2d 577, 585–86 (S.D.N.Y. 2007) ("The fact that plaintiff did not avail himself of the opportunity to challenge the [board of elections'] determination [by filing a lawsuit as provided for by state law] does not create a procedural due process violation."). The Complaint's due process violation claim (Counts III and IV (in part)) should be dismissed.

### D. The Complaint Fails to State a Claim for violation of equal protection under the Fourteenth Amendment (Count IV).

The Complaint is devoid of any factual allegations that could support the bare claim that Mr. Murphy was not afforded equal protection.[2] "'Equal protection is

---

[2] The Opposition's citation to *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 220 (1986), is inapposite. That case involved a First Amendment challenge to a statute barring unaffiliated voters from voting in party primaries. In holding that the state law was unconstitutional, the Supreme Court did not recognize a "distinct class" of unaffiliated voters and write-in candidates, as the Opposition suggests. Opp. at 7. *Tashjian* does not support an equal protection claim here.

essentially a direction that all persons similarly situated should be treated alike.'" *Curry v. Buescher*, 394 F. App'x 438, 446–47 (10th Cir, 2010) (citation omitted). "Conversely, while a state 'must treat like cases alike,' it 'may treat unlike cases accordingly.'" *Id.* (citation omitted). The Opposition claims that "Plaintiff … is the only person in the entire Fifth District who cannot run in the general-election, solely because he was a mere write-in congressional candidate in an open-primary election[.]" Opp. at 5. To the contrary, C.R.S. § 1-4-105, treats all similarly-situated candidates alike: "***[n]o person*** who has been defeated as a candidate in a primary election shall be eligible for election to the same office by ballot or as a write-in candidate in the next general election[.]" C.R.S. § 1-4-105 (emphasis added). The Complaint fails to allege that Mr. Murphy was treated worse relative to any similarly situated candidates.[3] Therefore, the Complaint fails to allege a plausible equal protection violation, and Count IV must be dismissed.

**E.    The Complaint does not allege causes of action under jurisdictional statutes 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 28 U.S.C. § 1355(a) (Counts V, VI (in part), VII).**

The Opposition does not dispute that 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 28 U.S.C. § 1355(a) (Counts V, VI (in part),[4] VII) confer jurisdiction on federal

---

[3] The Opposition names a few specific candidates, including eligible write-in candidates for the general election and party nominees, but fails to allege that any of these candidates unsuccessfully ran for office in the primary election. Opp. at 8.

[4] Count VI also purports to allege claims for violation of civil rights under 42 U.S.C. § 1985(1) & (3). The § 1985 claims must also be dismissed for the reasons stated in Section I.F of the Motion to Dismiss.

8

courts and do not create a private right of action. *See* Opp. 8. Accordingly, these counts must be dismissed.

### F. The Complaint does not state a claim for violation of civil rights under 42 U.S.C. § 1985(1) and (3) (Count VI).

The Complaint contends that Mr. Murphy was deprived of his civil rights in violation of 42 U.S.C. §§ 1985(1) and (3). The relevant portion of § 1985(1) provides a right of action "[i]f two or more persons … conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof[.]" 42 U.S.C. § 1985(1). Section 1985(3), clause 1, provides in pertinent part, for a right of action "[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privilege and immunities under the laws[.]" 42 U.S.C. § 1985(3).  Among other elements, both causes of action require allegations of "class-based or racial discriminatory animus." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

As set forth in the Motion to Dismiss, Mr. Murphy's 42 U.S.C. §§ 1985(1) and (3) claims are deficient for at least three reasons: (1) neither claim alleges facts supporting a conspiracy between the Secretary and one or more persons; (2) the Complaint's failure to allege racial discrimination or similar animus is fatal to these claims; and (3) the claim pursuant to § 1985(1) must fail because the Complaint lacks any allegations regarding "force, intimidation, or threat" by the Secretary.  The

Opposition attempts to dispute each point, but falls short. First, although the Opposition contends that the Complaint alleged a conspiracy between the Secretary and "his staff," the Complaint itself does not plead any facts supporting a conspiracy. *See* Compl. ¶ 23. Second, the Opposition asserts that Mr. Murphy is in a "class of write-in congressional candidates in an open primary," but this so-called class is not defined by racial discrimination or similar animus. And third, the Opposition's assertion that the Complaint has alleged "force" because it alleges "the force of State law being unconstitutionally enforced in an incorrect manner" is unavailing because (a) such "force" is not alleged by the Complaint; and (b) this interpretation of force would render the statute meaningless. As such, the § 1985 claims in Count VI must be dismissed.

### G. The Complaint does not state a claim for a violation of 42 U.S.C. § 1983 (Count VIII).

To state a claim under § 1983, Mr. Murphy must allege: (1) deprivation of a federally protected right (2) by an actor acting under color of state law. *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir. 2016). In support of the § 1983 claim, the Complaint contends that Mr. Murphy was deprived of his Qualifications Clause and First Amendment rights. Complaint ¶ 23. For the reasons set forth above in Sections I.A through I.D here and in the Motion to Dismiss, the Complaint fails to sufficiently allege violations of any federally protected rights. Thus, the Complaint also fails to state a claim for violation of § 1983, and Count VIII must be dismissed.

### H.  The Complaint fails to state a claim for arbitrary and capricious action by the Secretary of State of Colorado (Count IX).

As set forth in the Motion to Dismiss, the nature of Mr. Murphy's claim that the Secretary's actions were arbitrary and capricious is unclear, and the Complaint fails to allege any actions that were arbitrary or capricious. MTD at 16–17. The Opposition states that "Plaintiff … in no way wishes to disparage the Honorable Secretary with vague accusations of arbitrary & capricious decision, but merely desires to assert that Plaintiff is the victim of statutory violation of his constitutional rights, per 42 U.S.C. § 1983[.]" Opp. at 9. If, as asserted in the Opposition, Count IX is based on a purported violation of § 1983, because the Complaint fails to sufficiently allege a violation of § 1983, Count IX must be dismissed for the reasons set forth in the Motion to Dismiss and this Reply, Sections I.A through I.D and I.G.

### CONCLUSION

Because the Complaint fails to state a claim to relief that is plausible on its face, the Secretary respectfully requests that the Court grant the motion to dismiss and dismiss the Complaint in its entirety.

[*remainder of page intentionally left blank*]

Submitted this 9th day of October, 2018.

      CYNTHIA H. COFFMAN
      Attorney General

*s/ Emily Buckley*
EMILY BUCKLEY, 43002*
Assistant Attorney General
State Services Section
Public Officials Unit
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO  80203
Telephone:  720-508-6403
E-Mail:  emily.buckley@coag.gov
**Counsel of Record for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 9th, 2018, I served a true and complete copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** upon all parties through U.S. Mail as follows:

Marcus A. Murphy
5795 Southmoor Drive, Lot 53
Fountain, CO  80817

                /s/ *Emily Buckley*_____