*Marcus A. Murphy v. Wayne W. Williams*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| Marcus A. Murphy, | § | |
| Plaintiff | § | |
| | § | |
| v. | § Civil Action No. 1: 18-CV-01919-MSK-KMT | |
| | § Appeal No.: No. 18-1363 | |
| Wayne W. Williams, | § | |
| in his official capacity as Colorado | § | |
| Secretary of State, | § | |
| Defendant | § | |

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
OCT 11 2018
JEFFREY P. COLWELL
CLERK

### PLAINTIFF'S NOTICE OF APPEAL AND JURISDICTIONAL STATEMENT

**I. (¶ 1.)** If it pleases the court, comes now, Plaintiff, Marcus Allen Murphy, who informs the court that Notice is hereby given that: Marcus A. Murphy-Plaintiff/Petitioner/Appellant, in the above-names case, Murphy v. Williams, hereby appeals to the Supreme Court of the United States (S.C.O.T.U.S.) from the Dismissal on Sept. 20, 2018 (9-20-18) by the United States Court of Appeals for the Tenth Circuit from the Denial of Plaintiff's Motion to Expedite Discovery entered in this action on August 29, 2018 (8-29-18). This Appeal is in regards to the Order on Aug. 29, 2018 (8-29-18) by the U.S. Dist. Ct-Dist. of Colorado to deny Plaintiff's Motion to Expedite Discovery before Sept. 7, 2018 (9-7-18), and Appeal of the subsequent Dismissal of

Page **1** of **6**

*Marcus A. Murphy v. Wayne W. Williams*

Plaintiff's Appeal by the United States Court of Appeals for the Tenth Circuit (10th Cir.) on Sept. 20 (9-20-18). This case utilizes, for appeal-ability and jurisdiction, Supreme Court Rules 10, 11, & 20 (2017), FRAP 4(a)(1)(A), 28 USC §§ 1254, 1292a, 1651a, & 2101, in order to urgently address the constitutionality of Colorado's Sore-Loser Law, as applied to a write-in congressional candidate in an Open-Primary, and whether Declaratory and Injunctive Relief can be granted to Plaintiff/Petitioner/Appellant by means of the Equitable Relief of declaring him as an eligible, independent congressional candidate for Colorado's Fifth Congressional District, before Mon., Oct. 15, 2018 (10-15-18), such date being when the ballots shall be mailed to the Voters.

  **A. (¶ 2.) Jurisdictional Statement-** In accordance with Supreme Court Rules 10, 11, & 20 (2017), Plaintiff appeals based on 28 USC §§ 1254, 1651, & 2101, which provide for an appeal of an interlocutory order by the United States Court of Appeals for the Tenth Circuit. Specifically, 28 USC § 1254(1)-Courts of Appeals; certiorari; certified questions provides that: "Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods: (1) By writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree; ..." Furthermore, 28 USC § 2101(e)-Supreme Court; time for appeal or certiorari; docketing; stay provides that: "An application to the Supreme Court for a writ of certiorari to review a case before judgment has been rendered in the court of appeals may be made at any time before judgment...." Finally, 28 USC § 1651(a)-Writs provides that: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law...." Plaintiff/Petitioner/Appellant offers the following statement on

*Marcus A. Murphy v. Wayne W. Williams*

this Court's jurisdiction: (A) Plaintiff claims federal Question Jurisdiction under the U.S. Constitution Article I § 2 cl. 2, as well as the First, Fifth, & Fourteenth Amendments; also under 28 USC § 1331-federal Question, as well as 28 USC § 1343(a)-Civil Rights and Elective Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil Rights), 28 USC § 1355(a)-Fine, Penalty or Forfeiture, and 42 USC § 1983-Civil Action for Deprivation of Rights. This Court has federal question jurisdiction pursuant to 28 USC § 1331, because Plaintiff challenges Colorado law as violating Plaintiff's rights guaranteed under the U.S. Constitution Article I § 2 cl. 2, as well as the First, Fifth, & Fourteenth Amendments. Federal question jurisdiction is also appropriate, because this action is brought pursuant to 42 USC § 1983, as Colorado has violated Plaintiff's Constitutional-rights under the color of State law. *See* 28 USC § 1343; *see also id.* § 1331. This Court is authorized to issue the requested injunctive relief pursuant to 42 USC § 1983 and FRCP (Federal Rule of Civil Procedure) 65. In addition, 28 USC § 1391(a), (b)(1),(2), & (c)-Venue generally, provides that:

"(a) Applicability of Section.-Except as otherwise provided by law- (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature. (b) Venue in General.-A civil action may be brought in- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, .... (c) Residency.-For all venue purposes- (1) a natural person, ..., shall be deemed to reside in the judicial district in which that person is domiciled; ...."

*Marcus A. Murphy v. Wayne W. Williams*

Venue is proper in this court, because the defendant is the Colorado Secretary of State, and resides & has his office in the State of Colorado. Additionally, Plaintiff resides within the State of Colorado. *See* 28 USC § 1391(b)(1). In addition, all of the events that give rise to Plaintiff's claims occurred within the State of Colorado. *See id.* § 1391 (b)(2). Plaintiff's personal constitutional right to vote ... for himself, gives him standing to make the Right to Vote argument. In *Ex Parte Young*, 209 U.S. 123 (1908), the Court ruled that if government officials attempt to enforce an unconstitutional law, then sovereign immunity does not prevent people whom the law harms from suing those officials in their individual capacity for injunctive relief, because those government officials are not acting on behalf of the State in this situation. Furthermore, 28 USC § 1292(a)(1)-Interlocutory decisions, provides that: "Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, ..., or of the judges thereof, ... refusing ... injunctions, ...." Plaintiff/Petitioner/Appellant respectfully submits that the district court effectively refused to issue an effective injunction and/or declaration, in order to prevent irreparable harm on Mon., Oct. 15, 2018 (10-15-18), when the general-election ballots will be mailed. Plaintiff/Petitioner/Appellant respectfully submits that: (B) the likelihood of success on appeal is high & favorable. Plaintiff/Petitioner/Appellant respectfully submits that: (C) the threat of irreparable harm if the stay or injunction is not granted is grave & severe. Plaintiff/Petitioner/Appellant respectfully submits that: (D) there is an obvious and common-sense absence of harm to opposing parties if the stay or injunction is granted. Plaintiff/Petitioner/Appellant respectfully submits that: (E) there is no foreseeable risk of harm to the public interest, but rather, a gain by having one more candidate in the general-election race.

**II. . (¶ 3.) Conclusion-**For the foregoing reasons, Plaintiff respectfully requests that the court send the Contents of the case to the Supreme Court Clerk, as soon as possible, per the Federal Rules of Appellate Procedure 3 & 4 (FRAP), as well as 10th Cir. Rule 3.2.

Respectfully submitted, this the 8th day of October, 2018.

*/s/ Marcus Murphy*

Marcus A. Murphy

*Pro Se Plaintiff, Petitioner, & Appellant*

5795 Southmoor Dr Lot 53

Fountain, CO 80817

(720) 256-0991

MarcusMurphy1975@hotmail.com

## CERTIFICATE OF SERVICE

I, Marcus A. Murphy; *Pro Se* Plaintiff, Petitioner, & Appellant; do hereby certify that I have filed in the office of the Clerk for the United States District Court of Colorado and have served upon the Defendant's Counsel of Record, Emily Buckley-CO Asst. Attorney General, a complete and accurate copy of this **PLAINTIFF'S NOTICE OF APPEAL AND JURISDICTIONAL STATEMENT**, either by hand-delivering, or placing a copy in the United States Mail, sufficient postage affixed, dispatched to their business addresses.

*Marcus A. Murphy v. Wayne W. Williams*

Respectfully submitted, this the 8th day of October, 2018.

*[signature: Marcus Murphy]*

Marcus A. Murphy

*Pro Se Plaintiff, Petitioner, & Appellant*

5795 Southmoor Dr Lot 53

Fountain, CO  80817

(720) 256-0991

MarcusMurphy1975@hotmail.com

Jeffrey P. Colwell, U.S. Dist. Ct. of CO-Court Clerk (Civil)

901 19th St, Rm A-105

Denver, CO  80294-3589

 (303) 844-3433

cod.uscourts.gov

Emily Buckley, CO Asst. Attorney General

1300 Broadway, 6th Fl

Denver, CO  80203

(720) 508-6403

emily.buckley@coag.gov

Marcus Murphy
Lot 53
5795 Southmoor Dr
Fountain CO 80817-2506

Legal Correspondence

Jeffrey P. Colwell, U.S. Dist. Ct. of Co
Court Clerk-Civil
901 19th St, Rm A-105
Denver, Co
                80294-3589

