IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01919-MSK-KMT

MARCUS A. MURPHY

    Plaintiff,

v.

WAYNE W. WILLIAMS,

in his official capacity as Colorado Secretary of State,

    Defendant.

## PROPOSED SCHEDULING ORDER

Plaintiff, Marcus A. Murphy, and Defendant, Wayne W. Williams, in his official capacity as Secretary of State, submit the following proposed Scheduling Order.

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

- October 30, 2018 at 9:00 a.m.

- Pro Se Plaintiff: Marcus Murphy, 5795 Southmoor Dr Lot 53, Fountain, CO 80817, (720) 256-0991, MarcusMurphy1975@hotmail.com;

- Defendant: Emily Buckley, Assistant Attorney General, Colorado Attorney General's Office, 1300 Broadway, 6th Floor, Denver, CO 80203; (720) 508-6403; emily.buckley@coag.gov.

## 2. STATEMENT OF JURISDICTION

    **a.**    **Plaintiff**: Plaintiff claims federal Question Jurisdiction under the U.S. Constitution Article I § 2 cl. 2, as well as the First, Fifth, & Fourteenth Amendments; also under 28 USC §

1331-federal Question, as well as 28 USC § 1343(a)-Civil Rights and Elective Franchise (per 42 USC § 1985(1) & (3)-Conspiracy to Interfere with Civil Rights), 28 USC § 1355(a)-Fine, Penalty or Forfeiture, and 42 USC § 1983-Civil Action for Deprivation of Rights. This court has federal question jurisdiction pursuant to 28 USC § 1331, because Plaintiff challenges Colorado law as violating Plaintiff's rights guaranteed under the U.S. Constitution Article I § 2 cl. 2, as well as the First, Fifth, & Fourteenth Amendments. Federal question jurisdiction is also appropriate, because this action is brought pursuant to 42 USC § 1983, as Colorado has violated Plaintiff's Constitutional-rights under the color of State law. *See* 28 USC § 1343; *see also id.* § 1331. This court is authorized to issue the requested injunctive relief pursuant to 42 USC § 1983 and FRCP (Federal Rule of Civil Procedure) 65. 28 USC § 1391(a), (b)(1),(2), & (c)-Venue generally, provides that: "(a) Applicability of Section.-Except as otherwise provided by law- (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature. (b) Venue in General.-A civil action may be brought in- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, .... (c) Residency.-For all venue purposes- (1) a natural person, ..., shall be deemed to reside in the judicial district in which that person is domiciled; ...." Venue is proper in this court, because the defendant is the Colorado Secretary of State, and resides & has his office in the State of Colorado. Additionally, Plaintiff resides within the State of Colorado. *See* 28 USC § 1391(b)(1). In addition, all of the events that give rise to Plaintiff's claims occurred within the State of Colorado. *See id.* § 1391 (b)(2). Plaintiff's personal constitutional right to vote ... for himself, gives him standing to make the Right to Vote argument. In *Ex Parte Young*, 209 U.S. 123

(1908), the Court ruled that if government officials attempt to enforce an unconstitutional law, then sovereign immunity does not prevent people whom the law harms from suing those officials in their individual capacity for injunctive relief, because those government officials are not acting on behalf of the State in this situation.

  **b.**  **Defendant**: The Secretary does not agree with Plaintiff's statement of jurisdiction. Jurisdiction is appropriate under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Depending on whether the Court construes Count IX of the Complaint, titled "Claim Relating to Arbitrary and Capricious State Agency Decisions," as a state law cause of action, jurisdiction under 28 U.S.C. § 1367 may also exist.

### 3. STATEMENT OF CLAIMS AND DEFENSES

  **a.**  **Plaintiff:** This federal Question Civil Complaint challenges Colorado Revised Statutes (CRS) § 1-4-105 as an unconstitutional abridgement of Plaintiff's Article I right to qualify for office, First Amendment rights to speech and freedom of association, as well as rights to Due Process & Equal Protection under the laws, and the statutory prohibition of deprivation & resultant causes of action related to such deprivation, including conspiracy with staff to deprive; or in the alternative, that the State statute has been incorrectly applied on an arbitrary & capricious factual basis to the Plaintiff's unique factual situation as an anonymous Write-In Candidate in an Open Primary.

  **b.**  **Defendant:** Mr. Murphy unsuccessfully ran for congressional office in the 2018 Democratic primary election, receiving just 38 write-in votes. He now seeks to run for the same office as a write-in candidate in the general election, which will be held on November 6, 2018. But Colorado's so-called "sore loser" law, C.R.S. § 1-4-105, expressly limits candidates to one bite at the apple, and the Constitution permits this reasonable, nondiscriminatory ballot access

requirement, which furthers Colorado's critical interest in regulating the election process. Sore loser laws are quite common—all but three states effectively bar sore loser candidacies—and courts have repeatedly and unequivocally upheld their constitutionality in the face of challenges nearly identical to Mr. Murphy's. Accordingly, the Secretary filed a motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on September 12, 2018. Should the Court not dismiss Mr. Murphy's Complaint in full, the Secretary will set forth a more detailed list of affirmative defenses in an answer.

### 4. UNDISPUTED FACTS

**a.** **Plaintiff**: The following facts are undisputed by the Plaintiff: Plaintiff, Marcus Allen Murphy, has resided at 5795 Southmoor Dr Lot 53, Fountain, CO  80817 since August of 2016. Fountain is a city within El Paso County. Plaintiff is a registered Colorado voter and is affiliated with the Democrat Party. Murphy for Congress (CO-5)!, Inc. is the authorized and principal campaign committee of Marcus Murphy, and is registered with the Federal Election Commission (FEC) as a federal political committee with FEC Committee ID No. C00668152. The mailing address of Murphy for Congress (CO-5)!, Inc. is 307 Garrett St., Borger, TX  79007. The federal campaign committee treasurer for Murphy for Congress (CO-5)!, Inc. is Marcus A. Murphy, residing at 5795 Southmoor Dr Lot 53, Fountain, CO  80817. Plaintiff registered to vote when he first moved to Colorado from Texas two years ago, in November 2016. Plaintiff has not attended any party functions, other than a Candidates' Forum last September 2017 at Colorado College. Plaintiff publicly-announced his candidacy & entered the congressional-race (CO-5) on July 19, 2017 (7-19-17) with his first facebook post. Plaintiff filed, as a congressional-candidate for Colorado's Fifth District, with the Federal Elections Commission (FEC) on February 1, 2018 (2-1-18). Plaintiff was ignored as an ineligible Democrat-Party primary-candidate on Tuesday,

March 6, 2018 Caucus Day (3-6-18) at Mesa Ridge High School & did not receive any delegates. Plaintiff was physically assaulted & told to leave, as an ineligible Democrat-Party primary-candidate, by the Rules Committee Chairman at the State Assembly in Broomfield on April 13, 2018 (4-13-18). As a result, Plaintiff filed an Affidavit of Intent for Write-In Designation for United States Representative in the primary-election on April 13, 2018 (4-13-18) with the Colorado Secretary of State. Plaintiff filed a Complaint of Mis-conduct with the FEC regarding his treatment by the Colorado Democrats on April 14, 2018 (4-14-18). Plaintiff never signed a party-pledge to support the nominee. Plaintiff filed an Affidavit of Intent for Write-In Designation for United States Representative in the general election on June 26, 2018 (6-26-18) with the Colorado Secretary of State. Plaintiff received 38 write-in votes in the Democrat-Party Open-Primary on Tuesday, June 26, 2018 (6-26-2018), as publicly announced by the Colorado Secretary of State as the Official-Results on Monday, July 23, 2018 (7-23-18). Plaintiff was informed via e-mail on July 6, 2018 (7-6-18) by the Colorado Secretary of State Elections Division Manager, Joel Albion, that he is ineligible for the general-election under CRS § 1-4-105. Plaintiff exhausted all available administrative-remedies by requesting that the Elections Manager refer-up to the Secretary of State personally for re-consideration, and was subsequently informed via e-mail on July 9, 2018 (7-9-2018) that, upon consultation with elections-division attorneys, the decision is final.

  **b.**  **Defendant**: Defendant believes that the parties should be able to stipulate to the following facts:

- Marcus Murphy registered as a Colorado voter and affiliated with the Democratic Party on November 3, 2016.

- On April 13, 2018, the Secretary received Mr. Murphy's Affidavit of Intent for Write-In Designation for United States Representative, for Colorado's Fifth District, in connection with the Democratic primary election.

- Colorado's 2018 primary election was held on June 26, 2018.

- On June 26, 2018, Mr. Murphy received 38 write-in votes in the Democratic primary election and did not receive the party's nomination.

- On or about July 3, 2018, the Secretary received Mr. Murphy's Affidavit of Intent for Write-In Designation for United States Representative, for Colorado's Fifth District, in connection with the general election.

- The Secretary informed Mr. Murphy via email that his write-in candidacy for United States Representative, for Colorado's Fifth District for the general election was not permitted, due to C.R.S. § 1-4-105, on July 6, 2018. Mr. Murphy responded by email on July 9, 2018, requesting a final, written decision from the Secretary.

- The Secretary's office informed Mr. Murphy by email on July 9, 2018 that the Secretary's decision was "final."

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff:** Plaintiff claims no Damages against the honorable Secretary, other than the possibility, beyond Friday, September 7, 2018 (9-7-18), of Irreparable Harm to the Plaintiff's constitutionally-protected possibility of Representing Colorado's Fifth Congressional District. Plaintiff seeks no monetary award from the taxpayers' coffers, and only requests Declaratory & Injunctive Relief.

b. **Defendant**: Defendant has not claimed damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

a. **Date of Rule 26(f) meeting:** The parties held their Rule 26(f) conference on October 23, 2018.

b. **Names of each participant and party he/she represented:**

| | |
|---|---|
| Marcus A. Murphy | Emily Buckley, 43002* |
| *Pro Se Plaintiff* | Assistant Attorney General |
| 5795 Southmoor Dr Lot 53 | State Services Section |
| Fountain, CO  80817 | Public Officials Unit |
| (720) 256-0991 | Colorado Attorney General's Office |
| MarcusMurphy1975@hotmail.com | 1300 Broadway, 6th Floor |
| | Denver, CO  80203 |
| | Telephone:  720-508-6403 |
| | E-Mail:  emily.buckley@coag.gov |
| | *Counsel of Record for Defendant |

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

   i. The parties have agreed to exchange Rule 26(a)(1) disclosures within 14 days of the rescheduled scheduling conference.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

   i. The parties have agreed to exchange Rule 26(a)(1) disclosures within 14 days of the rescheduled scheduling conference.

e. **Statement concerning any agreements to conduct informal discovery:**

   i. The parties have agreed to exchange documents within 14 days of the rescheduled scheduling conference.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified numbering system:**

   i. None at this time.

    **g.** **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

        i. The parties do not anticipate this.

    **h.** **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

        i. The parties discussed the possibility of settlement or resolution on October 23, 2018, and did not reach an agreement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    **a.** **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

        i. **Plaintiff**: None proposed by Plaintiff.

        ii. **Defendant**: As the key facts appear to be largely uncontested, the Court should limit depositions to one fact witness deposition per party and one expert deposition per expert.

    **b.** **Limitations which any party proposes on the length of depositions:**

        i. **Plaintiff**: One per person, if necessary, no longer than four to eight hours (4-8 hrs.).

        ii. **Defendant**: No longer than four hours.

    **c.** **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

        i. **Plaintiff**: None proposed by Plaintiff.

    ii. **Defendant**: The Secretary believes that written discovery may not be necessary in this case because the key facts appear to be largely uncontested, and the parties may be able to stipulate to these key facts. If the parties are not able to stipulate, the Secretary proposes that interrogatories, requests for production, and requests for admission each be limited to no more than 10.

**d.**     **Other Planning or Discovery Orders:**

    i. **Plaintiff**: None proposed by Plaintiff.

    ii. **Defendant**: None.

## 9. CASE PLAN AND SCHEDULE

**a.**     **Deadline for Joinder of Parties and Amendment of Pleadings:**

    i. The parties propose the deadline to join parties or amend pleadings be set for November 13, 2018.

**b.**     **Discovery Cut-off:**

    i. The parties propose that the discovery cut-off be set for April 30, 2019.

**c.**     **Dispositive Motion Deadline:**

    i. The parties propose that the deadline for dispositive motions be set for 30 days after the discovery cut-off, or May 30, 2019.

**d.**     **Expert Witness Disclosure:**

    i. **Plaintiff**: Plaintiff offers None at this time.

    ii. **Defendant**: the Defendant may produce, at most, one expert witness on the topic of the state's interest in C.R.S. § 1-4-105. Defendant proposes that parties designate all experts and provide the information required by Fed. R. Civ. P. 26(a)(2) by March 1, 2019, and that the parties designate any rebuttal experts

and provide the information required by Fed. R. Civ. P. 26(a)(2) by April 1, 2019.

    e.    **Identification of Persons to be Deposed:**

        i.    **Plaintiff**:  Plaintiff offers no Depositions at this time.

        ii.    **Defendant**:  Defendant reserves the right to take Mr. Murphy's deposition.

    f.    **Deadline for Interrogatories:**

        i.    The parties propose that interrogatories be served no later than March 29, 2019.

    g.    **Deadline for Requests for Production of Documents and/or Admissions:**

        i.    The parties propose that requests for production and/or admission be served no later than March 29, 2019.

## 10. DATES FOR FURTHER CONFERENCES

    a.    **Status conferences will be held in this case at the following dates and times:** _____.

    b.    **A final pretrial conference will be held in this case on _____ at _____o'clock ___m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:**

        i.    None at this time.

    b.    **Anticipated length of trial and whether trial is to the court or jury:**

        i.    **Plaintiff**: Plaintiff anticipates a length of trial to be about an hour, possibly all day, on October 30, 2018.

      ii.    **Defendant**: Defendant anticipates that a trial would last at most, one day.

Neither party has demanded a jury trial.

**c.**    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse /Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439:**

      i.    **Plaintiff**: None-known to Plaintiff at this time; the Denver federal Courthouse is most-convenient to the Plaintiff.

      ii.    **Defendant**: Defendant's counsel is able to attend pretrial proceedings in either Denver or Colorado Springs.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 23rd day of October, 2018. A.D.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*[signature: Marcus Murphy]*

Marcus A. Murphy
*Pro Se Plaintiff*
5795 Southmoor Dr Lot 53
Fountain, CO  80817
(720) 256-0991
MarcusMurphy1975@hotmail.com

CYNTHIA H. COFFMAN
Attorney General

/s/ *Emily Buckley*
_____
EMILY BUCKLEY, 43002*
Assistant Attorney General
State Services Section
Public Officials Unit
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, CO  80203
Telephone:  720-508-6403
E-Mail:  emily.buckley@coag.gov
*Counsel of Record for Defendant

## CERTIFICATE OF SERVICE

   I hereby certify that on October 23, 2018, I served a true and complete copy of the foregoing **PROPOSED SCHEDULING ORDER** upon all parties through U.S. Mail as follows:

Marcus A. Murphy
5795 Southmoor Drive, Lot 53
Fountain, CO  80817


                 /s/ *Emily Buckley*